CAROLINE M. COOK *vs.* GEORGE D. BATES.

Franklin.    Opinion February 13, 1896.

*Contracts.    Mutual Services.    Payment.    Judgment.*

In an action of assumpsit to recover board furnished by the plaintiff to the defendant, it was admitted by the plaintiff that she did not expect to charge the defendant for board, as she understood that it was to be offset by the defendant's labor; but the defendant had nevertheless charged her, the plaintiff, for labor on her farm during the time that he boarded with her. It appeared that the defendant had sued the plaintiff for the labor; that judgment was rendered against her upon default and through a mistake upon her part in allowing the action to be defaulted; and that having paid the judgment and in consequence thereof she had paid the defendant more than his labor was worth and consequently she brought this action charging him for board during the time claimed in this action, to reduce the amount of his wages. *Held*; that the following instruction to the jury was unobjectionable: " On the face of this record, I can say to you, as a matter of law, that it is not necessarily conclusive, against the right of this plaintiff here to recover for board, if you find she is entitled to recover for any board. This is not conclusive against her, because it does not say that this was to include board, and, as I have already indicated, there is nothing on the record to show that he was to board there at all during that period. Therefore, this judgment is not conclusive against her right to recover as to the first item in the account annexed to this writ."

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit on an account annexed, to wit: one item of which was: "To 34 weeks board, from Nov. 6, 1888, to July 2, 1889, at $2.50, $85."

It was admitted by plaintiff in evidence that there was no expectation at the time, of charging defendant for board during the time covered by this item in plaintiff's writ as she understood that his board was to be offset by his labor, but that defendant had charged her for labor at the rate of twenty dollars per month on her farm during the time that he boarded with her; that defendant had sued her for the labor; that the action was entered in court and through mistake upon her part the action was defaulted and that she had paid the execution issued upon the judgment, and that in consequence of said action being

defaulted, under the circumstances, she had paid him more than his labor was worth and consequently she then turned round and charged him for board during the time covered by this item, in this action, to reduce the amount of his wages.

Upon this branch of the case the court instructed the jury as follows :

"It is said that, according to the testimony of the plaintiff herself, she did not definitely intend to charge for board during this time, that it was in her mind that the board during these winter months especially, should offset the labor ; that it would be a fair offset ; that he needed a home and needed board and he had it all at this house, and that she and her father needed some service in doing the chores, and caring for the stock and other services about the house, furnishing the wood usually required under such circumstances. Now, then, it is said that he has repudiated that mutual understanding, which they believed to have existed, by obtaining and enforcing by aid of her own misapprehension and mistake, as it is said, this judgment for the full sum of twenty dollars per month, which they say must have been, not only as a matter of law on the record, but as a matter of fact on the probabilities, full compensation for his services, his labor, even if he had paid his own board, that it is compensation for his services and board,— in other words, that . it would be full compensation for any one who was boarding himself. Therefore, they say they are now let in to recover a just and reasonable compensation for his board during this time in order to do justice between these parties ; and I say to you, as a matter of law, if you find such to have been the mutual understanding between these parties, he having by the admitted facts and upon the record here obtained judgment for the full amount due him for labor as though he had boarded himself, she will be entitled to recover just and reasonable compensation during that period for his board.

"But you will be careful, of course, not to give an unreasonable or excessive price for any of these items. Then what would be a fair compensation ? having reference, under the evidence before, you, to what is usual and customary in that community and to

the character of board probably furnished for this George Bates, that brings you down to April 23d.

"On the face of this record, I can say to you, as a matter of law, that it is not necessarily conclusive against the right of this plaintiff here to recover for board, if you find she is entitled to recover for any board. This is not conclusive against her, because it does not say that this was to include board, and, as I have already indicated, there is nothing on the record to show that he was to board there at all during that period. Therefore, this judgment is not conclusive against her right to recover as to the first item in the account annexed to this writ."

The verdict was for the plaintiff.

To which ruling and instructions of the court the defendant took exceptions.

Other facts are stated in the opinion.

*S. Clifford Belcher*, for plaintiff.
*Joseph C. Holman*, for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WIS-, WELL, STROUT, JJ.

STROUT, J.   This case comes before us on exceptions to the charge (the entire charge being made part of the exceptions), and on a motion for new trial.   We have carefully examined the charge, and find that it stated the law correctly, and clearly pointed out the legal rights of the parties, and fully protected them.   The exceptions therefore must be overruled.

Upon the motion for a new trial.   The case shows that defendant, a brother of plaintiff, went to her house to live on or about November 7, 1888, and remained there till about September 13, 1889.   There was no agreement in regard to board or labor. In the late winter or early spring, defendant took to plaintiff's farm, a yoke of oxen, a horse and four sheep.   These animals were kept in plaintiff's barn and fed from her hay, till they went to pasture on her farm.   The sheep remained there till the autumn of 1889 ; the horse till the last of August, 1889 ; and both oxen till after the spring's work, and one of them till

November, 1889. From the time defendant went to the plaintiff's in November, until spring, the only work defendant did for her was the chores about the house and barn, and getting up a portion of the wood for the house. From the spring until early in July, defendant did some work ploughing, and cut a little hay,— one witness says about a ton and a half,— and perhaps some other work. The oxen and horse did some work, apparently not very much. Early in July defendant was taken sick, and for some weeks required care and nursing, and was unable afterward to perform any labor. All this time he boarded with plaintiff. She says that she did not expect to pay him for work nor charge him for board.

It is apparent that, if harmonious relations had continued, no charge would have been made by either party, the board being regarded as sufficient compensation for the small amount of labor required or performed.

After defendant left plaintiff's house, he sued her for "labor of self from November 7, 1888, to April 23, 1889, at twenty dollars per month," one hundred and seven dollars and seventy-two cents. To this was added three items of cash amounting to five dollars and sixty-five cents. Plaintiff did not defend, but was defaulted and has paid the judgment. She says she did not think it necessary to defend that suit, that she was informed that Mr. Pike would take care of it. In August, 1889, defendant brought another suit against plaintiff for "labor of self from April 23, 1889, to July 10, 1888, $60 ;" and $10 for use of oxen from March 5, 1889 ; and $12 for use of horse from January 26, 1889. This suit was defended, and the jury rendered a verdict for $21.33.

After judgment in defendant's first suit against plaintiff, she brought this suit for board, nursing, keep of horse, oxen and sheep, and recovered a verdict for one hundred and eighty-one dollars and thirty-four cents.

There was nothing in defendant's first suit against plaintiff to show that the price charged included or excluded board, nor that the labor was upon a farm. The kind and amount of service rendered in the time covered by that suit, as disclosed by

the evidence in this case, would appear to be amply compensated by twenty dollars a month, if the defendant boarded himself. Upon all the evidence, it is the opinion of the court that for this period the plaintiff is entitled to recover for defendant's board. He had repudiated the apparent understanding which existed while the services were being rendered, and had recovered full compensation for them, if he had boarded himself. Justice requires that he should pay for the board furnished by plaintiff.

For the period covered by defendant's second suit, from April 23, 1889, to July 10, 1889, the amount of the verdict indicates that the jury deducted board. How much, if anything, was allowed for use of oxen and horse does not appear. If his labor on plaintiff's farm for nearly three months in summer, was worth only twenty-one dollars in excess of board, twenty dollars a month for doing the chores in winter would appear very large. From early in July, when defendant became sick, until he left in September, he did nothing for plaintiff, and is clearly liable for his board and whatever care and nursing he received.

Plaintiff's verdict is manifestly too large. To effectuate the evident understanding of the parties, while their relations were friendly, defendant's labor and the use of his oxen and horse should offset the charge for board, nursing, and the keep of the oxen, horse and sheep. Defendant's two judgments against plaintiff amount to one hundred and forty-four dollars and fifty-six cents. In these were included cash items amounting to five dollars and sixty-five cents, which left for defendant's labor and that of his horse and oxen, one hundred and thirty-eight dollars and ninety-one cents. It will be equitable, and undoubtedly in accordance with the understanding of the parties, for the plaintiff to recover that sum for board, nursing, and keep of oxen and horse. She has received ten dollars and sixty-nine cents paid by defendant for her taxes, and this should be deducted. The balance of one hundred and twenty-eight dollars and twenty-two cents she is entitled to recover. If within sixty days after announce-

ment of this decision, plaintiff will remit fifty-three dollars and twelve cents of her verdict, as of its date, the entry will be,

*Motion and exceptions overruled;*

otherwise,

*Motion sustained, and new trial granted.*